19C3ZHEC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

LI, et al.,

              Plaintiffs,

         v.                              10 CV 5337 (AJP)

IZUMI JAPANESE RESTAURANT
INC., et al.,

              Defendants.

------------------------------x
                                         New York, N.Y.
                                         September 12, 2011
                                         10:00 a.m.

Before:

                    HON. ANDREW J. PECK,

                                         Magistrate Judge

                          APPEARANCES

LAW OFFICE OF JUSTINE A. ZELLER
     Attorneys for Plaintiffs
BY:  JUSTIN A. ZELLER

VICTOR TSAI
     Attorney for Defendants
```

1          (In open court)
2          THE COURT:  Mr. Tsai.
3          MR. TSAI:  So, your Honor, sorry for being late.  I
4    didn't know I had this matter on for the day.
5          THE COURT:  There was an order setting it on for
6    today.
7          MR. TSAI:  I didn't get it, your Honor.  I'm sorry.  I
8    probably didn't put it in my calendar.
9          THE COURT:  Okay.  Mr. Zeller, you were here more or
10   less on time.  Do you want costs for the 45 minutes you had to
11   wait?
12         MR. ZELLER:  No, that's fine, your Honor.  We all make
13   mistakes.
14         THE COURT:  All right.  This is your one freebie.
15         MR. TSAI:  Sorry, your Honor.  Thanks again.
16         THE COURT:  All right.  With respect to the motion to
17   dismiss, that motion is denied.  Well, certainly, it is not a
18   motion to dismiss, it was an early summary judgment motion.
19   With respect to the 500,000 threshold, there are material
20   issues of fact as to whether that threshold had been met for
21   any of the companies.  In addition, if it is met for one of the
22   companies, as it appears like it was, and specifically, the
23   applicable regulation, 29 CFR Section 779.259 says that the
24   annual gross volume of sales made or business done of an
25   enterprise equals its gross receipts from all types of sales

1  made and business done during a 12-month period.  While you all
2  have looked at various tax or quarterly periods, the statute
3  does not seem to require that in any way.  And certainly, from
4  the period December 2007 to November 2008, based on the records
5  that were shown, the deposit records, Izumi grossed $510,669.71
6  give or take.  Roughly 510, $511,000.
7           As to the other two entities, the complaint alleges
8  successor liability and veil piercing.  Nobody addressed that
9  issue factually, and therefore, it may well be that those
10  defendants also meet the statutory threshold one way or
11  another.
12           For all of these reasons, the motion is denied, with
13  the one caveat that the motion is granted on consent as to the
14  fact that plaintiffs' federal claims only go back three years
15  before the filing of the complaint.
16           Anything further with respect to that motion?  And
17  that motion, for the record, was docket number 24.
18           MR. ZELLER:  Nothing by plaintiffs, your Honor.
19           THE COURT:  From the defense?
20           MR. TSAI:  Nothing, your Honor.  Thank you.
21           THE COURT:  Where are you all in discovery?
22           MR. TSAI:  We need to schedule a discovery order, your
23  Honor.
24           THE COURT:  You need to speak louder.
25           MR. TSAI:  We need have to have discovery order set.

1      THE COURT:  I set an order.  Are you not getting any
2  of the orders in this case?
3      On August 23, which is the same order that scheduled
4  this conference, and it went out by ECF, a scheduling order was
5  set.  Mr. Zeller, did you get it?
6      MR. ZELLER:  August 8, your Honor?
7      THE COURT:  August 23.
8      MR. ZELLER:  Yes, your Honor.
9      THE COURT:  Docket number 38 on the ECF system.  That
10  is also the order that set today's conference.  So as far as
11  I'm concerned --
12      MR. TSAI:  I'll check my computer, your Honor.
13      THE COURT:  As far as I'm concerned, you've lost three
14  weeks or whatever of the discovery period and you're not
15  getting it back.  26(a) disclosures were due September 8.  Did
16  plaintiff make its 26(a) disclosures?
17      MR. ZELLER:  Your Honor, I believe we did.  I haven't
18  been handling this case.  I apologize.  I'm just here covering
19  the matter.
20      THE COURT:  Well, that really doesn't help the Court.
21  The two of you are really doing well today.  Did defendant do
22  its 26(a)?
23      MR. TSAI:  No, your Honor, we didn't know the order
24  was set.
25      THE COURT:  Okay.  I'm going to give you both a week,

SOUTHERN DISTRICT REPORTERS, P.C.           (212) 805-0300

1  new date for the 26(a) is September 19.
2              Any further discussions on settlement?
3              MR. TSAI:  Yes, your Honor.  We just had a settlement
4  offer today from Mr. Zeller.  Prior to that we had a number but
5  then they reneged on us.  We asked them again for a set amount
6  that he's not going to renege on.  He just gave me that today.
7              THE COURT:  Well, settle or get done what you've got
8  to get done.  I'm not going to hold hands, particularly since
9  you all are not making me happy today.
10             When do you want to come back?
11             MR. ZELLER:  Towards the end of September.
12             THE COURT:  The discovery cutoff is November 30, just
13 to help you with what you should have read.
14             MR. TSAI:  Can we have a week before November 30, your
15 Honor?
16             THE COURT:  If you want to wait until then to come
17 back, that's fine.  But obviously these dates are immoveable.
18 So if you're not coming back until a week before the cutoff, at
19 which point it's too late to help you, I would suggest I just
20 put this case on the so-called honor system, which is you'll
21 contact the Court if there are discovery disputes, or even
22 though it is a 636(c) consent, if there is anything you want me
23 to do to help you on settlement.
24             MR. ZELLER:  I would suggest early October, your
25 Honor.

19C3ZHEC

1        THE COURT:  Early October.  You guys blew it today.
2   Early October is not available.  The earliest I could give you
3   is late October or the beginning of November.
4        MR. ZELLER:  Then I would suggest early November.
5        MR. TSAI:  Your Honor, it might be I might be away
6   during that time.  If I am away can I have somebody else --
7        THE COURT:  Only if the somebody knows everything
8   about the case.  Mr. Zeller's appearance today for his
9   co-counsel with the comment that I don't know if we did our
10  26(a) is not the sort of thing that helps the Court.
11  November 3 at 9:30.  If you forget about the date --
12       MR. TSAI:  I won't.
13       THE COURT:  -- you can write a very large check to the
14  clerk's office.
15       MR. TSAI:  It won't happen again, your Honor.
16       THE COURT:  Mr. Tsai, you're volunteering to buy the
17  transcript for both parties I assume?
18       MR. TSAI:  Yes, your Honor.
19       THE COURT:  All right.  That is so ordered.  Anything
20  else, gentlemen?
21       MR. TSAI:  That's it, your Honor.
22       THE COURT:  Do you want me to put you into the
23  Southern District mediation program or are you comfortable that
24  you are likely to settle on your own?
25       MR. TSAI:  I believe the mediation program, if we

SOUTHERN DISTRICT REPORTERS, P.C.            (212) 805-0300

1  could have it, it would be best because I have difficult
2  clients, your Honor.
3          THE COURT:  Okay.  I'll do an order for that, but it
4  does not stop the clock.  You'll get a mediator within 10 days
5  or so and a hearing within 30, but in the meantime, settle on
6  your own or do whatever discovery you need to do.  We are
7  adjourned.
8          MR. TSAI:  Thank you, your Honor.
9                              o0o